IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SWEET CHARLIE'S FRANCHISING, LLC and SWEET CHARLIE'S HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SWEET MOO'S ROLLED ICE CREAM LLC, SIMON GABALLA GHATTAS, POLA AGUIB, PETER AGUIB, and ROLL UP TENNESSEE, LLC,<br><br>Defendants. | C.A. No. 20-970-LPS |

## MEMORANDUM ORDER

WHEREAS, on October 3, 2019, Plaintiffs Sweet Charlie's Franchising, LLC and Sweet Charlie's Holdings, LLC ("Plaintiffs") sued Defendants Simon Gabella Ghattas, Pola Aguib, Peter Aguib, and Roll Up Tennessee, LLC ("Defendants")[1] in the U.S. District Court for the Eastern District of Pennsylvania (D.I. 1);

WHEREAS, Plaintiffs served Defendants with process on October 9, 2019 (*see* D.I. 4, 5, 6, 7);

WHEREAS, on October 30, 2019, Defendants filed a motion to transfer this case to the U.S. District Court for the Middle District of Tennessee (D.I. 8);

WHEREAS, on July 22, 2020, Defendants' motion to transfer was denied, but this case

---

[1] Plaintiffs also named Sweet Moo's Rolled Ice Cream, LLC ("Sweet Moo's") as a defendant. (*See* D.I. 1 ¶ 7) This action was later stayed as to Sweet Moo's pending bankruptcy proceedings in the Middle District of Tennessee. (*See* D.I. 21 at 3-4; *see also* D.I. 22)

1

was nonetheless transferred to this Court based on a forum-selection clause in a relevant agreement among some of the parties (*see generally* D.I. 21, 22; *see also* D.I. 24);

WHEREAS, on September 11, 2020, Plaintiffs filed requests for entry of default against Defendants, who had not filed an answer or otherwise responded to the complaint within 30 days of this case being transferred to this Court (D.I. 28, 28-1, 29, 29-1, 30, 30-1, 31, 31-1);

WHEREAS, on September 22, 2020, Defendants objected to the requests for entry of default (D.I. 32);

WHEREAS, on September 23, 2020, Plaintiffs responded to Defendants' objections (D.I. 33);

WHEREAS, on October 6, 2020, Defendants replied to Plaintiffs' response (D.I. 34);

WHEREAS, on November 12, 2020, Defendants Simon Gaballa Ghattas and Pola Aguib filed an answer to the complaint (D.I. 35);

WHEREAS, on November 16, 2020, Defendants Peter Aguib and Roll Up Tennessee, LLC filed an answer to the complaint (D.I. 37);

WHEREAS, on June 25, 2021, Plaintiffs' counsel filed a motion to withdraw as attorney, which counsel represents is opposed by Plaintiffs and not opposed by Defendants (D.I. 38);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' requests for entry of default against Defendants (D.I. 28, 29, 30, 31) are **DENIED**.

1. If a defendant "has failed to plead or otherwise defend" within the time required by the rules (or as extended by the Court), a plaintiff seeking to obtain a default judgment must first request that the Clerk of Court enter default. Fed. R. Civ. P. 55(a). Here, Defendants filed objections to the request for entry of default and the Clerk did not enter default. Thereafter,

Defendants answered the complaint, albeit not in a timely manner. The entry of default and default judgment are generally disfavored, as the law favors a plaintiff's claims being decided on the merits. *See Girafa.com, Inc. v. Smartdevil Inc.*, 728 F. Supp. 2d 537, 542 (D. Del. 2010). Under the circumstances, the Court perceives no reason to enter default against Defendants, who have now shown their willingness to participate in this litigation.

2. Issues relating to counsel must be resolved so that this case may proceed. The Court has been given essentially no information as to the basis for Plaintiffs' objection to Plaintiffs' counsel's request to withdraw. Additionally, Defendant Roll Up Tennessee, LLC has not had counsel appear, which is mandatory for an entity party proceeding in federal court. *See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Failure by Defendant Roll Up Tennessee, LLC to have licensed counsel appear on its behalf will likely warrant the grant of relief to Plaintiffs.

Accordingly, **IT IS FURTHER ORDERED** that:

A. Plaintiffs and/or Plaintiffs' counsel shall, and Defendants may, no later than **July 16**, submit letter briefs, not to exceed three pages, outlining their position(s) on the pending motion to withdraw.

B. The parties shall meet and confer and, no later than **July 20**, submit a joint status report, indicating their position(s) on how this case should now proceed, including their proposal(s) for a deadline by which Roll Up Tennessee, LLC must have counsel enter an appearance.

C.  The Court will hold a status teleconference with all parties on **July 23 at 10:15 a.m.** The parties can access the teleconference by dialing 877-336-1824 and using the access code 1408971.

July 9, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE