## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SWEET CHARLIE'S FRANCHISING, LLC and SWEET CHARLIE'S HOLDINGS, LLC,<br><br>              Plaintiffs,<br><br>       v.<br><br>SWEET MOO'S ROLLED ICE CREAM LLC, SIMON GABALLA GHATTAS, POLA AGUIB, PETER AGUIB, and ROLL UP TENNESSEE, LLC,<br><br>              Defendants. | C.A. No. 20-970-LPS |

## MEMORANDUM ORDER

WHEREAS, on October 3, 2019, Plaintiffs Sweet Charlie's Franchising, LLC and Sweet Charlie's Holdings, LLC ("Plaintiffs") sued Defendants Simon Gabella Ghattas, Pola Aguib, Peter Aguib, and Roll Up Tennessee, LLC ("Roll Up," and together with Ghattas, Pola Aguib, and Peter Aguib, "Defendants")[1] in the U.S. District Court for the Eastern District of Pennsylvania (*see* D.I. 1);

WHEREAS, this case was subsequently transferred to this Court (*see* D.I. 24);

WHEREAS, on September 11, 2020, Plaintiffs filed requests for entry of default against Defendants, who had not filed an answer or otherwise responded to the complaint within 30 days of this case being transferred to this Court (*see* D.I. 28, 28-1, 29, 29-1, 30, 30-1, 31, 31-1);

---

[1] Plaintiffs also named Sweet Moo's Rolled Ice Cream, LLC ("Sweet Moo's") as a defendant.  (*See* D.I. 1 ¶ 7)  This action was later stayed as to Sweet Moo's, pending its bankruptcy proceedings in the Middle District of Tennessee.  (*See* D.I. 21 at 3-4; *see also* D.I. 22)

WHEREAS, on July 9, 2021, the Court denied Plaintiffs' requests for entry of default because Defendants had, belatedly, answered the complaint (*see* D.I. 39);

WHEREAS, during a status teleconference on July 23, 2021, the Court permitted Plaintiffs' counsel to withdraw from the case, given irreconcilable disputes that had arisen between counsel and their clients regarding fees (*see* D.I. 47);

WHEREAS, following the status teleconference, the Court ordered Plaintiffs and Roll Up (i.e., the corporate parties) to have counsel enter an appearance no later than September 1, 2021 (D.I. 48);

WHEREAS, the Court warned that failure to comply with its order by September 1 could result in "adverse action against that party" (*id.*);

WHEREAS, Roll Up's counsel entered an appearance on August 30, 2021 (D.I. 49);

WHEREAS, the following day, the Court received a letter from Steven Billig, in which he effectively admitted that Plaintiffs had not been diligent in trying to obtain counsel and, therefore, requested a 30-day extension to the September 1 deadline for Plaintiffs to obtain counsel (*see* D.I. 50);

WHEREAS, the Court extended the deadline for Plaintiffs to obtain counsel by two weeks to September 17, 2021 and cautioned that no additional extensions would be granted (*see* D.I. 54);

WHEREAS, the Court specifically warned Plaintiffs that, if they did not obtain counsel by September 17, "adverse action will be taken against them, likely dismissal of the case" (*id.*);

WHEREAS, on September 17, 2021, the Court received a letter from Mr. Billig explaining that Plaintiffs remain unable to obtain counsel (*see* D.I. 55);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

The appearance of counsel is mandatory for corporate parties proceeding in federal court. *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").   Plaintiffs had multiple opportunities and ample time to comply with this requirement but failed to do so.   Moreover, Plaintiffs have now indicated that they do not intend to have counsel enter an appearance.   Accordingly, and as the Court warned, dismissal without prejudice of Plaintiffs' case is warranted.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **CLOSE** this case.

September 21, 2021                                  HONORABLE LEONARD P. STARK
Wilmington, Delaware                             UNITED STATES DISTRICT JUDGE

3